**In re Fernando R. ALVAREZ, Debtor.**

**Fernando R. ALVAREZ, Plaintiff,**

**v.**

**JOHNSON, BLAKELY, POPE, BOKOR, RUPPEL AND BURNS, P.A., a Florida Corporation, Defendant.**

**Bankruptcy No. 91–15749–8P7.
Adv. No. 96–780.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 27, 1996.

R. Michael DeLoach, Brandon, FL, for Plaintiff.

Edward M. Waller, Victoria D. Critchlow, Tampa, FL, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND OR, IN THE ALTERNATIVE, MOTION FOR PERMISSIVE ABSTENTION, AND OBJECTION TO DESIGNATION AS CORE PROCEEDING

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an almost completely administered Chapter 7 case, and Lauren Greene, the Trustee (Trustee), has already filed her Interim Final Report and distributed the funds of the estate and will file shortly Motion for an entry of a Final Decree, to close the estate. The immediate matter under consideration by this Court is a Motion to Remand or, in the Alternative, Motion for Permissive Abstention, and Objection to Designation as Core Proceeding (Motion), filed by Fernando R. Alvarez (Debtor). The Motion is directed to a Complaint filed by Alvarez in the 13th Judicial Circuit in and for Hillsborough County, Florida, on July 2, 1996, which was removed to this Court on August 1, 1996, by the Defendant, Johnson, Blakely, Pope, Bokor, Ruppel and Burns, P.A. (Law Firm).

The Debtor, in his Motion, contends that the removal pursuant to 28 U.S.C. § 1452 was improper because this Court lacks jurisdiction over the subject matter of the lawsuit. In support of his Motion, the Debtor contends that, before a cause of action can be removed pursuant to 28 U.S.C. § 1452, the Court to which the action is removed must have jurisdiction of the subject matter. In this instance, jurisdiction must either be based on a federal question or derived from 28 U.S.C. § 1334, which is the exclusive source of jurisdiction of the Bankruptcy Court.

Concerning the federal question argument, the Debtor contends that it is clear and cannot be seriously disputed that the claim he asserted in his lawsuit filed in the State Court is not based on any federal question, but based on common-law negligence; and neither is there any jurisdiction, so contends Alvarez, based on 28 U.S.C. § 1334, because

his claim is not "arising under," "arising in" or "related to" a case under Title 11. Alvarez further contends, in the alternative, that even if there is jurisdiction and the case is removed properly pursuant to 28 U.S.C. § 1452, this Court should abstain from this civil proceeding either under § 1334(c)(2), the mandatory abstention provision, or under § 1334(c)(1), the permissive abstention provision of the Judicial Code.

■ In this connection, the Debtor contends that the civil action removed from the State Court is not a "core" proceeding because the proceeding has no conceivable effect on the estate and is not even "related to" his Chapter 7 case because it is a controversy between him, now a discharged Debtor, and the Law Firm, equally a non-debtor.

In support of the Motion to Remand, Alvarez relies on the case of *In re Royal*, 197 B.R. 341 (Bkrtcy.N.D.Ala.1996), where the Bankruptcy Court held that the term used in 28 U.S.C. § 1334, "arising in" refers to "administrative matters that arise only in a Bankruptcy case and would have no existence outside of Bankruptcy." The Bankruptcy Court, in support of this proposition, cited the case of *In re Lemco Gypsum, Inc.*, 910 F.2d 784 (11th Cir.1990). The matter in *Lemco* did not involve the question of what is "arising in," but dealt with the question of what is "related to." *Id.* In *Lemco*, the 11th Circuit adopted the standard for "related to" as set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984), in which the Third Circuit stated the following:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

In the case of *In re Boone*, 52 F.3d 958 (11th Cir.1995), the 11th Circuit re-adopted its holding in *Lemco*. Neither the factual situations involved in *Boone* or in *Royal* are similar to the factual situation in this case, and the Debtor's reliance on these cases is misplaced, since both of them dealt with the question of "related to" jurisdiction pursuant to 28 U.S.C. 1334(b), and not the "arising in" jurisdictional provision of 28 U.S.C. § 1334(c). This Court is constrained to reject the very narrow construction of the term "arising in" set forth in the case of *In re Royal, supra*, at 347. Even assuming, but not admitting, that this narrow definition is governing, the proceeding under consideration is not one which is an administrative matter which would not have any existence outside of bankruptcy. The controversy is inseparable from the Debtor's Chapter 7 case and the facts which are the bases for the claim of the Debtor could not have arisen outside of bankruptcy.

■ In the alternative, Alvarez also contends that this Court must abstain pursuant to the mandatory abstention provision, 28 U.S.C. § 1334(c)(2), or should abstain under the optional provision, 28 U.S.C. § 1334(c)(1). In support of this proposition, Alvarez again relies on the case of *In re Royal, supra*, in which the Bankruptcy Court held that a removed case may be remanded for equitable reasons, including the reasons stated for mandatory abstention provision. The Bankruptcy Court in *Royal* conceded that there is substantial disagreement between Courts concerning whether § 1334(c)(2), mandatory abstention, applies to removed cases. It is unnecessary to answer this question because this Court is satisfied that both the mandatory and optional abstention provisions were designed by Congress to apply to cases which are already filed and pending in a non-bankruptcy forum prior to the commencement of the case. *In re Worldwide Collection Services of Nevada*, 149 B.R. 219 (Bkrtcy.M.D.Fla.1992).

The Law Firm, in support of its contention that the suit filed by Alvarez was properly removed to this Court, contends that the gravamen of the Complaint and the basis for the claim, as pled, is that the Law Firm filed the Petition for Relief for Alvarez under the wrong Chapter; that the Law Firm failed to

convert the Chapter 7 case to a Chapter 11 case; that the Law Firm was negligent in administering the case; and that the Law Firm was negligent in forcing Alvarez to sign a release in exchange for the Law Firm's agreement to continue to represent Alvarez in his Chapter 7 case.

In order to evaluate the respective contentions of the parties, it should be helpful to consider the one-count Complaint filed by Alvarez in State Court to determine its true nature. Alvarez, in paragraph 6 of his Complaint, alleged that the Law Firm breached its duties to him in the following ways: by disregarding his express instruction to file a reorganizational Bankruptcy case, and not to file a liquidation Bankruptcy case; by failing to undertake actions to convert the liquidating Bankruptcy case to a reorganizational Bankruptcy case in a timely manner; by failing to administer the Bankruptcy case in a prudent and professional manner; and by demanding that Alvarez sign a waiver and release of any and all potential claims against the Law Firm in return for the Law Firm's agreement to continue representation.

At first blush, it might appear that, in light of the fact the estate of Alvarez has been fully administered, the outcome of this litigation cannot possibly have any impact on the administration of the estate. In addition, the Complaint, while couched in the language of common-law negligence and breach of duty, i.e., malpractice by a professional, may appear to be a pure state law claim. However, this analysis is an oversimplification of the real issues and disregards the underlying facts which form the basis of the lawsuit filed by the Debtor. An evaluation of whether or not the Law Firm was negligent is a question which must be answered only with reference to the provisions of the Bankruptcy Code. For instance, whether or not the appropriate remedy for the Debtor would have been a Chapter 11 or whether the selection of a Chapter 7 was proper cannot be properly determined without considering the legal ramifications which will follow from filing under either of the Chapters.

Moreover, one must also consider what legal consequences might follow if the Law Firm files a Petition under a Chapter re-quested by the Debtor and the Law Firm is satisfied from the facts given by the client that such an approach would be inappropriate, and the relief sought is not supported by existing law, which of course might expose the Law Firm to possible sanctions under F.R.B.P. 9011. The argument that the outcome of this lawsuit might not have any effect on the administration of this estate is equally nonpersuasive. This is so because if this suit is successful, the recovery might very well enhance the estate if ultimately determined that the chose of action asserted by the Debtor in the State Court litigation is property of the estate. This question is not before the Court at this time, but if it turns out that it is, this would enhance the recovery for Alvarez' Creditors, and would have a definite impact on the administration of the estate.

Based on the foregoing, this Court is constrained to deny the Motion For Remand or, in the Alternative, Motion for Permissive Abstention, and Objection to Designation as Core Proceeding filed by Alvarez.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Remand or, in the Alternative, Motion for Permissive Abstention, and Objection to Designation as Core Proceeding, filed by Fernando R. Alvarez be, and the same, is hereby denied.