In re GULF COAST ORTHOPEDIC CENTER–ALFRED O. BONATI, M.D., P.A., Debtor.

Alfred O. Bonati, M.D. and Gulf Coast Orthopedic Center–Alfred O. Bonati, M.D., P.A. D/B/A Gcoc Institute for Special Surgery of Joint Diseases, Plaintiffs,

v.

Morrison Cohen Singer & Weinstein, LLP, Jonathan W. Lubell, and Paul B. Johnson, Defendants.

Bankruptcy No. 96–14739–8P1.
Adversary No. 00–360.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 30, 2000.

Order Amending Opinion; Oct. 16, 2000.

---

Cathy S. Reiman, Charles M. Tatelbaum, Naples, FL.

Darryl R. Richards, Tampa, FL.

Joshua W. Cohen, Stamford, CT.

Dennis P. Waggoner, Michael P. Brundage, Troy A. Fuhrman, Tampa, FL.

James J. Evangelista, John D. Emmanuel, Tampa, FL.

## ORDER ON MOTIONS TO REMAND

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this Chapter 11 case of Gulf Coast Orthopedic Center (Debtor) are two Motions to Remand a lawsuit filed by the Debtor and Dr. Alfred O. Bonati (Plaintiffs) in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco county, Florida (the lawsuit). In their lawsuit, the Plaintiffs named three Defendants: the New York law firm of Morrison, Cohen, Singer & Weinstein, LLP (Morrison Cohen); Jonathan W. Lubell (Mr. Lubell), individually, of Morrison Cohen; and Paul B. Johnson (Mr. Johnson). One of the Motions to Remand was filed by the Debtor. Oddly enough, the other Motion to Remand was filed by the Defendant Mr. Johnson along with his Motion to Abstain in the alternative.

The matter which is sought to be remanded has its genesis in a lawsuit filed by the Debtor and Dr. Bonati, the principal of the Debtor, who was also a Debtor at one time but whose Chapter 11 case was dismissed, against the St. Petersburg Times in 1992. In that lawsuit, the Plaintiffs sought money damages from the newspaper based on a claim of trade libel and defamation of character. The Plaintiffs retained the law firm of Morrison Cohen. Mr. Lubell was in charge of the lawsuit as lead counsel. Morrison Cohen, in turn, retained Mr. Johnson as local counsel. Mr. Johnson was never retained by the Debtor or by Dr. Bonati, nor did they give authority to employ Mr. Johnson as co-counsel. The lawsuit against the St. Petersburg Times was ultimately dismissed, with prejudice, for lack of prosecution.

The dismissal of the lawsuit against the St. Petersburg Times triggered the current lawsuit in the Circuit Court in and for Pasco County filed by the Debtor and Dr. Bonati. In the current lawsuit the Plaintiffs allege that Morrison Cohen, Mr. Lubell, individually, and Mr. Johnson are guilty of legal malpractice and they seek damages claimed to have been suffered as the result of the dismissal of their lawsuit against the St. Petersburg Times.

As noted earlier, Mr. Johnson, who is named as a co-defendant with Morrison Cohen and Mr. Lubell, seeks a remand or, in the alternative, an abstention by this Court in the malpractice action filed by the Debtor and Dr. Bonati. In support of his Motion, counsel for Mr. Johnson points out

the following: (1) that Mr. Johnson was not an attorney authorized by the Debtor to represent the Debtor in litigation with the St. Petersburg Times; (2) he never sought an application of his employment by this Court; he is not a creditor of this bankruptcy estate; (3) he never filed a proof of claim in this bankruptcy; and (4) he never filed an application for payment for his professional services from this Court. Concerning the malpractice lawsuit filed against him by Dr. Bonati, it is a dispute between two non-debtors which, according to Mr. Johnson, is clearly not in the jurisdiction of this Court because it is based on a pure state law matter which, absent the pendency of the Chapter 11 case, could not have been brought in the United States District Court either on the theory of diversity of jurisdiction or on some Federal statute.

In his Motion for Remand, counsel for Mr. Johnson points out the recognized factors pursuant to 28 U.S.C. § 1452(b) which warrant a remand or mandate a remand of at least the claim filed against him. He also urges abstention in his Motion, as an alternative to remand, under 28 U.S.C. § 1334(c)(1) and (c)(2). Subclause (c)(1) is the optional abstention provision which authorizes the District Court and, by virtue of the general reference granted by 28 U.S.C. § 157(a), the Bankruptcy Court to abstain in the interest of justice or in the interest of comity with State Courts or respect for state law. Subclause (c)(2) mandates abstention and clearly applies to civil proceedings if the action is based on state law and has been commenced prior to the commencement of a bankruptcy case, and could timely be adjudicated in State Court.

In opposing the Motion to Remand, counsel for Morrison Cohen and Mr. Lubell contend that in the case of *In re Alvarez*, 200 B.R. 259 (Bankr.M.D.Fla.

1996), this Court held that it was improper to remand a lawsuit filed against the law firm by a debtor based on common law negligence because the controversy was inseparable from the Debtor's Chapter 7 case and the issues could not have arisen outside of bankruptcy. The factual scenario in *Alvarez* bears no resemblance to the lawsuit filed by the Debtor and Dr. Bonati against Mr. Johnson. The claim in *Alvarez* was based on the allegations that the law firm filed the Debtor's Petition under the wrong chapter; failed to convert it to a Chapter 11; was negligent in administering the case; and negligent in forcing the Debtor to sign a release in exchange for continuing representation by the law firm. Based on this, the Court concluded that these issues could only be resolved with reference to the administration of the Chapter 7 case of the Debtor.

In the present situation the malpractice claim asserted by the Debtor and Dr. Bonati, unlike in *Alvarez*, do not relate in any way to the Chapter 11 case and do not involve any bankruptcy issues. To overcome the obvious, counsel for Morrison Cohen and Lubell urges that in the case of *In re Southmark Corp.*, 163 F.3d 925 (5th Cir.1999), cert. denied 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999), the 5th Circuit affirmed a denial of a motion for remand. In *Southmark*, like in *Alvarez*, the alleged malpractice of a court-retained accounting firm related to the administration of the Chapter 11 case. The holding in *Southmark* equally fails to furnish any support for the proposition urged by counsel for Morrison Cohen and Mr. Lubell.

To further bolster the claim that this lawsuit somehow relates to the Chapter 11 case, counsel for Morrison Cohen and Lubell urges that Dr. Bonati, a non-Debtor, agreed to assign 70% of the recovery against the Defendants to the Debtor which, in turn, would enhance the estate of

the Debtor and help to fund the Plan of Reorganization. Concerning the status of this Chapter 11 case, this again furnishes scant, if any, support for retaining this lawsuit in this Court, even if one accepts the proposition that this alone would be sufficient to prevent remand. However, because the last attempt of this Debtor to obtain confirmation failed, this Court appointed an examiner and directed the examiner to file a report whether or not a dismissal or conversion to Chapter 7 would be in the best interest of the creditors. Thus, it is clear there is no longer a viable Chapter 11 case. In addition, and since Dr. Bonati's offer for the contribution 70% of the recovery was tied to the release of Dr. Bonati of all liability, this proposition certainly would not be acceptable to the Trustee if the case is converted to Chapter 7. The release of Dr. Bonati would be just as improper in a Chapter 7 case as it would be in a Chapter 11 case.

The removal of civil actions from a non-bankruptcy forum to the District Court, and by virtue of the general reference granted by 28 U.S.C. § 157(a), to the Bankruptcy Court is governed by 28 U.S.C. § 1441(a). This section provides that only civil actions brought in a State Court may be removed to the District Court in which the District Courts of the United States have original jurisdiction. In the instant matter there is no diversity between the Plaintiffs and Mr. Johnson. Moreover, this lawsuit is based on alleged malpractice, which involves pure state law and it does not involve any claim based on any Federal Statute.

This leads to the next question of whether or not it would be appropriate to bifurcate this lawsuit and retain the lawsuit against Morrison Cohen and Mr. Lubell, but send the lawsuit filed against Mr. Johnson back to the Circuit Court. The charge filed against the Defendants is based on the alleged malpractice committed by them in pursuing the lawsuit in State Court against the St. Petersburg Times. All three, Morrison Cohen, Mr. Lubell and Mr. Johnson, participated in that lawsuit. Obviously, their conduct is inextricably interwoven and cannot be separated, and to permit the bifurcation could possibly create absurd, conflicting results. Based on the foregoing, this Court is satisfied that there is no factual or legal basis for this Court to retain the lawsuit filed by the Plaintiffs against Mr. Johnson.

Considering the totality of the circumstances, this Court is satisfied that this entire lawsuit should be remanded to the Circuit Court in Pasco County where it was originally filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED, that the Motions to Remand filed by the Plaintiffs and Paul B. Johnson be, and the same are hereby, granted and the clerk shall transmit the records of this adversary proceeding to the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida. It is further

ORDERED, ADJUDGED AND DECREED, that in light of the foregoing, it is unnecessary to rule on the Motion to Abstain in the alternative filed by Paul B. Johnson.

### AMENDED ORDER ON MOTION FOR REMAND

THIS CAUSE came on for hearing pursuant to an Order entered on September 28, 2000 which granted the motion for rehearing filed by Morrison Cohen Singer & Weinstein, LLP (Morrison Cohen). Upon reconsideration, this Court is satisfied that the request of Morrison Cohen is well grounded and, therefore, it is

ORDERED, ADJUDGED AND DECREED that the Order on Motion for

Remand entered by this Court on August 30, 2000 be, and the same is hereby, amended to read that the law firm of Johnson & Johnson did file a proof of claim, Claim # 57, in this Chapter 11 case for prepetition legal services allegedly provided to the Debtor, Attorney Paul Johnson and his law firm did not apply to be retained and were not retained by authorization of this Court either by the Debtor or Dr. Bonati.