**In re OLYMPIA HOLDING CORPORATION, f/k/a P\*I\*E Nationwide, Inc., et al., Debtors.**

**Charles B. TOMM, Plaintiff, Plaintiff,**

**v.**

**Gregory A. ANDERSON, individually, and Gregory A. Anderson, P.A., d/b/a Anderson Law Offices, Defendants.**

Bankruptcy Nos. 90–4195–3P7, 90–4223–3P7.

Adversary No. 97–313.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 24, 1997.

---

**2.** The trustee in this case testified that he does not personally prepare any documents, and that his hourly rate of $200.00 incorporates the services of his secretarial staff.

Charles Cook Howell, III, Jacksonville, FL, for Plaintiff.

Michael Tanner, Jacksonville, FL, for Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court on Plaintiff's Motion to Remand this adversary proceeding to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. After a hearing on November 6, 1997, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On October 16, 1990, Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The case was converted to a Chapter 7 case on March 11, 1991.

2. Lloyd T. Whitaker was appointed Trustee in the Chapter 11 case, and became the Chapter 7 Trustee after the conversion.

3. On January 11, 1991, the trustee appointed Charles B. Tomm (Plaintiff) Executive Vice President and Chief Operating Officer of the debtor.

4. Subsequently, the trustee, with Court approval, retained Gregory A. Anderson and Gregory A. Anderson, P.A., d/b/a Anderson Law Offices (Defendants) as special litigation counsel in five legal malpractice actions. De-

fendants were retained on a contingent fee basis.

5. The trustee entered settlements in each of the malpractice actions, resulting in proceeds to the estate of over $25,000,000.

6. Pursuant to the contingent fee arrangement with the trustee, Defendants received approximately $9 million for the services provided in the malpractice actions.

7. On August 25, 1997, Plaintiff filed suit against the defendants in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. *Tomm v. Anderson, et al.*, No. 97–4864–CA (Fla. 4th Cir-. Ct. filed Aug. 25, 1997).

8. The Complaint consists of four state law counts against the Defendants: breach of oral contract, breach of implied contract, quantum meruit, and unjust enrichment. In his suit, Plaintiff seeks compensation from the defendants for legal services and assistance rendered to Defendants in the prosecution of the malpractice actions.

9. Plaintiff has no claim against the debtor's estate and has asserted none in this action.

10. On September 17, 1997, Defendants filed a Notice of Removal, pursuant to 28 U.S.C. § 1452, which resulted in the removal of the state court action to this Court.

11. Plaintiff filed a timely motion to remand, which is currently before the Court.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 1452(a):

A party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (1997). Accordingly, prior to determining whether this adversary proceeding may be remanded to the Fourth Judicial Circuit, the Court must make a determination that it has subject matter juris-

diction over this proceeding pursuant to 28 U.S.C. § 1334.

■ In order for this Court to have jurisdiction, it must find that this proceeding is related to the debtor's Chapter 7 case. 28 U.S.C. § 1334(b) (1997); 28 U.S.C. 157(a) (1997). The claims in this proceeding are related to the bankruptcy case filed by the debtor since it is conceivable that the outcome of this proceeding may have an effect on the debtor's estate. *Community Bank of Homestead v. Boone, et al. (In re Boone)*, 52 F.3d 958, 960 (11th Cir.1995) (quoting *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990)). Based upon the jurisdiction over "related to" claims granted to federal bankruptcy courts by 28 U.S.C. §§ 1334 and 157(a), this Court has subject matter jurisdiction over this proceeding. Consequently, the Court must determine whether this proceeding should be remanded to the Fourth Judicial Circuit.

■ A party may remove an action to a federal bankruptcy court pursuant to 28 U.S.C. § 1452(a), and that court may remand the action to the court from which it was removed based "on any equitable ground". 28 U.S.C. § 1452(b) (1997). When determining whether a sufficient equitable ground is present for remand, the Court weighs considerations such as judicial economy, comity and respect for state court capabilities, and the effect on the administration of the estate. *Shop & Go, Inc. v. D.K. Patterson Constr. Co., Inc., et al. (In re Shop & Go, Inc.)*, 124 B.R. 915, 919 (Bankr.M.D.Fla.1991) (Corcoran, J.) (citing *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D.Cal. 1988); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578, 582 (N.D.Ind.1985)).[1]

■ Due to the congested federal court docket, judicial economy is best served by remanding this proceeding to the state court. The parties are more likely to obtain an expeditious resolution in state court than in federal court. Furthermore, the Court rec-

---

**1.** *In re Shop & Go* also includes the effect of bifurcating claims and parties, and the prejudice to other parties involved as considerations in deciding whether to remand an action under 28

U.S.C. § 1452(b). *Id.* These factors are irrelevant in this proceeding and will not be considered.

ognizes that state courts have expertise in, and are better equipped to handle, litigation of this nature. The Court also feels that the forum chosen by the plaintiff should be utilized absent compelling circumstances which justify the removal of the proceeding. There are no such circumstances present in the instant proceeding.

Regarding the effect of this adversary proceeding on the administration of the debtor's estate, it is clear that this proceeding involves a private matter between the parties, and does not involve the debtor or the bankruptcy estate. As Plaintiff does not assert a claim against the debtor, the outcome of this action will have no economic impact upon the bankruptcy estate. Judicial economy would not be served were the Court to spend its time dealing with a private matter between these parties which, although related to the estate, will have no substantial impact on the estate.

Based on the foregoing, the Court finds that there are sufficient equitable grounds to remand this adversary proceeding to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, pursuant to 28 U.S.C. § 1452(b). The motion is granted, and a separate order consistent with these findings of fact and conclusions of law will be entered.