In re The TAYLOR AGENCY, INC., Alleged Debtor.

1–Iron Commercial Premium, Plaintiff,

v.

The Taylor Agency, Inc.; Appeal Insurance Agency, Inc.; Lloyds, London; Clarendon National Insurance Company Inc., Defendants.

Bankruptcy No. 00–12425.
Adversary No. 00–1167.
CIV.A. CV 00–127–C.

United States Bankruptcy Court, S.D. Alabama.

June 14, 2001.

---

William L. Utsey, Butler, AL, J. Jefferson Utsey, for 1–Iron Commercial Premium.

C. Michael Smith, Mobile, AL, for Patricia Lynn Taylor.

Robert W. Bradford, Montgomery, AL, for Clarendon National Insurance Company, Inc.

Ronnie E. Keahey, Grove Hill, AL, Robert F. Northcutt, Montgomery, AL, for Certain Underwriters at Lloyd's, London, and TBI.

Laura C. Nettles, Birmingham, AL, for Appeal Insurance Agency.

Wallace H. Lindsey, Butler, AL, for Patricia Lynn Taylor and the Taylor Agency, Inc.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

WILLIAM S. SHULMAN, Bankruptcy Judge.

This matter came before the Court on the Plaintiff's motion to remand this proceeding the Circuit Court of Choctaw County, Alabama. This Court has jurisdiction to hear the motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference of the District Court. After due consideration of the pleadings, briefs, exhibits and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On or about June 6, 2000, 1–Iron Commercial Premium (hereinafter "1–Iron") filed a lawsuit in the Circuit Court of Choctaw County, Alabama against Claren-

don National Insurance Company, Inc. (hereinafter "Clarendon"), Appeal Insurance Agency, Inc. (hereinafter "Appeal"), Lloyds, London (hereinafter "Lloyds") and The Taylor Agency, Inc. (hereinafter "Taylor Agency"). The complaint made allegations of breach of contract, fraud, negligence, conversion, conspiracy, and fraudulent suppression, all based on Alabama law. It alleges that the Taylor Agency sold insurance policies to various individuals and businesses, and obtained financing from 1–Iron to pay the premiums. 1–Iron charges that Taylor Agency misappropriated the funds for its own use rather than paying the insurance premiums. As a result, several insurance policies were either canceled or never issued. Taylor Agency also is alleged to have obtained financing for premiums from several premium finance companies for the same policy, and to have kept the funds from the duplicative financing. The alleged activities of Taylor Agency and Lynn Taylor generated approximately forty other state court law suits.[1]

On June 22, 2000, non-party creditors filed an involuntary petition for bankruptcy against Taylor Agency and its principal, Lynn Taylor. On August 9, 2000, Clarendon, a defendant in the action, removed the state court action to this Court.[2] 1–Iron filed a motion to remand the action on September 1, 2000. This Court held a hearing on the involuntary petition in October 2000, and took the matter under submission.

## CONCLUSIONS OF LAW

In all decisions regarding a motion to remand, the initial issue before the Court is whether it has subject matter jurisdiction over the removed action.[3] Section 1334 of Title 28 of the United States Code lists four areas of jurisdiction bankruptcy courts: 1) cases under Title 11; 2) proceedings arising under Title 11; 3) proceedings arising in a case under Title 11; and 4) proceedings related to a case under Title 11. 28 U.S.C. § 1334; *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir.1987). It is not necessary to determine which of the four categories applies to a particular action; it is only necessary to determine whether a matter is at least "related to" the bankruptcy. *Wood*, 825 F.2d at 93.[4] The Eleventh Circuit has adopted the following standard for "related to" jurisdiction:

The usual articulation of the test for determining whether a civil proceeding

---

1. 1–Iron is a plaintiff on some of the state court actions, and a defendant in others. Taylor Agency is a defendant in all of the lawsuits.

2. The majority of the other forty lawsuits have also been removed to this Court or to the United States District Court for the Southern District of Alabama (hereinafter "the District Court").

3. The movant asserted that this Court had no jurisdiction over the state court action because the Debtor had not been adjudicated as bankrupt at the time that the action was removed. As the respondents point out, a bankruptcy estate is created when the petitioners filed the involuntary proceeding. 11 U.S.C. § 541(a).

4. Both parties make argument as to whether the removed case is a "core" or "non-core" proceeding under 28 U.S.C. § 157(b)(2). Both categories of cases are subject to remand or abstention. The issue of "core" versus "non-core" relates the bankruptcy court's authority. *In re Norrell*, 198 B.R. 987, 994 n. 5 (Bankr.N.D.Ala.1996);see also *In re Royal*, 197 B.R. 341, 347–48 (Bankr.N.D.Ala.1996), ("Designation of a proceeding as 'core' relates to whether it is due to be heard in an Article III court rather than in an Article I court and has no relevance to the issue of whether or not subject matter jurisdiction exists in the federal court.")

is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)). If the Plaintiff prevails in its action, it would have a significant claim on the assets of the bankruptcy estate. Therefore, the Court finds that the state court action is at least related to the bankruptcy proceeding within the meaning of 28 U.S.C. § 1334, and that this Court has subject matter jurisdiction over the proceeding.

■ Section 1452(b) of the Title 28 of the United States Code allows a court to remand a removed action on any equitable ground. Courts generally consider the following factors when applying 28 U.S.C. § 1452(b): 1) forum non conveniens; 2) the importance of trying the entire action in the same court; 3) the extent to which state law dominates; 4) the state court's familiarity with state law; 5) the existence of a right to a jury trial; 6) judicial economy; 7) comity; 8) prejudice to the involuntarily removed party; 9) the degree of relatedness of the action to the main bankruptcy case; 10) the possibility of inconsistent results; and 11) the effect of bifurcating claims of the parties. *Hatcher v. Lloyd's of London*, 204 B.R. 227, 233 (M.D.Ala.1997) (citing *Traylor v. First Family Financial Services, Inc.*, 192 B.R. 255, 258 (M.D.Ala.1995)).

■ The Court will focus on the factors that are relevant to the present case. The third and fourth factors dealing with the predominance of state law are particular significant in 1–Iron's action. The complaint in the state court action contains counts of breach of contract, fraud, negligence, conversion, conspiracy and fraudulent conversion. The responding Defendants may also assert claims of indemnity, according to their briefs. All the claims are based on Alabama state law, and are the type of claims that a state court judge hears on a daily basis. There are no issues that require the expertise of a bankruptcy court. Clearly, these factors weigh heavily in favor of remanding the action to state court.

Judicial economy and comity are also significant to the Court's decision to remand this action to state court. As already noted, the case concerns only state law issues that are the province of the state court judges. The Defendants assert that this Court is the only court that can consolidate the pending actions against the Taylor Agency to avoid duplication of discovery efforts. The state court undoubtedly has established procedures for dealing with multiple actions among the same defendants and plaintiffs. The task of managing documents and discovery for this action and approximately 40 other such actions would be an undue burden on this Court and its staff, which is geared for matters and procedures related to enforcement of the Bankruptcy Code. Finally, this Court has much regard for the state court's experience with the state law issues raised in 1–Iron's complaint. While this Court is familiar with state law questions raised in 1–Iron's complaint, the state court has the advantage of dealing with these issues on a more regular basis.

1–Iron's right to a jury trial and any prejudice to 1–Iron as the nonremoving

party are also crucial to the present case. 1–Iron requested a jury trial in the state court. While Clarendon and the Lloyd's creditors have consented to a jury trial in this Court, this Court does not have authority from the District Court to conduct a jury trial. The matter would have to be referred to the District Court. 1–Iron filed the state court action expecting a state court trial. The Court has no evidence regarding when 1–Iron could expect to get to trial in state court as opposed to federal court. Considering the volume of civil cases in the District Court, 1–Iron could be prejudiced by a delay in getting its case to trial. 1–Iron will also be burdened with the expense of traveling to Mobile for trial.

The degree of relatedness of this action to the bankruptcy proceeding is another factor which points to remand. The state court action represents a potential claim against the assets of the bankruptcy estate. The removing parties argue at length about the necessity for the bankruptcy court to hear the state court actions and administer the multiple claims against the most substantial asset in this case, an error and omission policy held by the Debtor. While the bankruptcy court has the exclusive right to administer assets, it is not the only court capable of efficiently determining the Debtor's liability. The state court can liquidate 1–Iron's claim while the bankruptcy proceeding continues in this Court. It is foreseeable that the bankruptcy estate may have to remain open until the state court actions are completed; however, the administrative delay would occur regardless of the forum. The delay does not outweigh the previous factors which indicate that remand is proper. After considering all of the relevant factors in the instant case, the Court concludes that 1–Iron's motion to remand is due to be granted.

 1–Iron also maintains that this Court should abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1). Permissive abstention is an alternative ground for returning this action to state court. The doctrine allows a bankruptcy court to abstain from hearing a proceeding arising under title 11, or arising in or related to cases under title 11, when it is in the interest of justice, or in the interest of comity. As with remand, there are several factors that courts consider under the permissive abstention doctrine:

1) the effect of abstention on the efficient administration of the bankruptcy estate;

2) the extent to which state law issues predominate;

3) the difficulty or unsettled nature of the applicable law;

4) the presence of a related proceeding commenced in state court or other non-bankruptcy courts;

5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

8) the burden on the bankruptcy court's docket;

9) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

10) the existence of a right to a jury trial; and

11) the presence in the proceeding of non-debtor parties.

*In re Norrell,* 198 B.R. 987, 995–996 (Bankr.N.D.Ala.1996) (Citations omitted).

As previously discussed, allowing the action to proceed in state court will not unduly delay the administration of this bankruptcy estate. Since 1–Iron's action deals solely with state law issues of contract, negligence, conversion and fraud, it can be easily decided by the state court. If 1–Iron prevails, it can then participate in the administration and distribution of the bankruptcy estate. The only basis for this Court's jurisdiction over this matter is 28 U.S.C. § 1334. Scheduling discovery matters and a jury trial (assuming all parties agreed) could be a burden on this Court's docket or that of the District Court. There is every indication that the Defendants are forum shopping, in light of the fact that the state court action involving solely state law issues was removed to the bankruptcy court even before the Debtors were adjudicated. Finally, 1–Iron's right to a jury trial and the limitations of the bankruptcy court previously have been discussed. Based on the foregoing, the Court finds that permissive abstention is applicable to the present case as an alternative grounds for remand, and that the state court action should be remanded to the Circuit Court of Choctaw County, Alabama. It is hereby

ORDERED that the Plaintiff's motion to remand this proceeding the Circuit Court of Choctaw County, Alabama is GRANTED, and the Clerk of the Bankruptcy Court is DIRECTED to take all steps necessary to effectuate this remand.