**In re: Jonathan Neil IRWIN, Debtor.**

**Jonathan N. Irwin, Plaintiff,**

**v.**

**Olson & Bearden, Defendant.**

**Bankruptcy No. 03–3421–8G7.
Adversary No. 8:04–AP–723–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 24, 2005.

John P. Page, Esq., Tampa, Florida, for Plaintiff;

Bradley T. Guldalian, Esq., Heath A Denoncourt, Esq., and Kenneth G.M. Mather, Esq., Hinshaw & Culbertson LLP, Tampa, Florida, for Defendants.

### ORDER ON MOTION FOR REMAND

PAUL M. GLENN, Chief Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Remand filed by Jonathan N. Irwin, Tierney Renee Irwin, and Houston Matthew Irwin (the Plaintiffs).

On July 14, 2003, the Plaintiffs filed an action against Olson & Bearden, P.A., Laura A. Olson, and David C. Bearden (the Defendants) in the Circuit Court for Hillsborough County, Florida. On October 4, 2004, the Defendants removed the action

to the United States District Court for the Middle District of Florida. On November 1, 2004, the District Court entered an Order transferring the action to this Court.

In the Motion currently under consideration, the Plaintiffs seek the remand of this proceeding to the Circuit Court for Hillsborough County. To support their Motion, the Plaintiffs assert that their claim against the Defendants is not an asset of Jonathan N. Irwin's bankruptcy estate, and that the Court therefore lacks jurisdiction of the matter. They also assert that equitable grounds exist to remand the case to state court pursuant to 28 U.S.C. § 1452.

### Background

Bearden & Olson, P.A. is a law firm located in Tampa, Florida. David C. Bearden and Laura A. Olson are licensed attorneys and members of the firm.

On May 14, 2001, Jonathan Irwin (Irwin) retained the Defendants to represent him in connection with a dissolution of marriage proceeding commenced by his wife, Melody Brooks Jayne (Jayne). In addition to the dissolution of marriage, the litigation also involved allegations of domestic violence, custody of the couple's two children, Tierney Renee Irwin and Houston Matthew Irwin, and Jayne's allegedly unauthorized departure from Florida with the children in July of 2001.

According to Irwin, he became dissatisfied with the Defendants' services in the dissolution action, and terminated their employment in February of 2002.

The divorce action has not been concluded.

Irwin filed a petition under chapter 7 of the Bankruptcy Code on February 21, 2003, approximately one year after terminating the Defendants' employment. Irwin contends that he informed his bankruptcy attorney during a pre-filing consultation that he "was contemplating filing suit" against the Defendants. (Doc. 4, Affidavit of Jonathan N. Irwin). The potential lawsuit, however, was not disclosed on his bankruptcy schedules.

Irwin received his discharge in bankruptcy and the chapter 7 case was closed on June 30, 2003.

Two weeks later, on July 14, 2003, the Plaintiffs filed a Complaint against the Defendants in the Circuit Court for Hillsborough County, Florida. The Complaint contains two Counts. Count I is an action for legal malpractice, and Count II is an action for breach of fiduciary duty. The Complaint also includes a recitation of the underlying events that allegedly occurred in the dissolution litigation from the time that Irwin retained the Defendants in May of 2001, until the time that he terminated their employment in February of 2002.

On August 23, 2003, the Defendants filed their Answer, Affirmative Defenses and Demand for Jury Trial in the Circuit Court case.

On June 21, 2004, the Chapter 7 Trustee in Irwin's bankruptcy case filed a Motion to Revoke Final Decree and Reopen Bankruptcy Estate in this Court. In the Motion, the Trustee alleged that she had "discovered a potential asset of the Debtor that existed on the date of the filing of the petition, but was not originally scheduled."

On July 6, 2004, the Bankruptcy Court entered an Order reopening Irwin's chapter 7 case. (Doc. 23).

On September 3, 2004, the Defendants filed a Motion to Substitute the Chapter 7 Bankruptcy Trustee, Carolyn Chaney, as Party–Plaintiff, in the Circuit Court action.

On October 4, 2004, the Defendants filed a Notice of Removal, pursuant to which the action was removed from the Circuit

Court to the United States District Court for the Middle District of Florida.

On November 1, 2004, the Defendants filed a Motion for an Order Referring this Action to the United States Bankruptcy Court for the Middle District of Florida.

On the same date, November 1, 2004, the District Court entered an Order transferring the case to this Court for all further proceedings. The Order was received in the Bankruptcy Court on November 5, 2004, and the above-captioned adversary proceeding was opened.

On November 16, 2004, the Plaintiffs filed the Motion for Remand that is presently under consideration. Essentially, the Plaintiffs contend that their claim against the Defendants is not an asset of Irwin's bankruptcy estate, because the cause of action was not "ripe" on the date that the chapter 7 petition was filed. According to the Plaintiffs, the dissolution of marriage proceeding has not yet been concluded, so that all of the elements of their cause of action for legal malpractice had not yet occurred on the date that the bankruptcy case was filed. Further, the Plaintiffs also contend that equitable grounds exist to remand the action to state court pursuant to 28 U.S.C. § 1452.

In response, the Defendants assert that all of the elements of the Plaintiffs' malpractice claim occurred prior to the date on which Irwin filed his chapter 7 petition, and the claim is therefore an asset of the bankruptcy estate. Consequently, the Defendants contend that the malpractice action is "related to" Irwin's bankruptcy case, and that this Court therefore has jurisdiction pursuant to 28 U.S.C. § 1334.

### Discussion

### A. Jurisdiction

■ The jurisdiction of the Bankruptcy Court is governed in part by 28 U.S.C. § 1334. Subsection (b) of § 1334 provides:

**28 USC § 1334. Bankruptcy cases and proceedings**

. . . . .

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have *original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.*

28 U.S.C. § 1334(b)(Emphasis supplied). "Thus, for federal bankruptcy jurisdiction to exist, a case must at minimum 'relate to' a case under title 11." *In re Boone*, 52 F.3d 958, 960 (11th Cir.1995)(citing *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987)).

■ The Eleventh Circuit Court of Appeals has adopted the test established by the Third Circuit for determining whether a proceeding is "related to" a bankruptcy case. *In re Schwarzwalder*, 242 B.R. 734, 738 (Bankr.M.D.Fla.1999).

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is *whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy* . . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Boone*, 52 F.3d at 960 (quoting *In re Lemco*, 910 F.2d 784, 788 (11th Cir.1990))(quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984))(Emphasis supplied). "The bankruptcy estate is the controlling element in the determination of related to jurisdiction." *In re Johnson*,

2004 WL 180036, at *2 (Bkrtcy.S.D.Ga. 2004).

■ In this case, therefore, a determination of the Court's jurisdiction depends on whether the Plaintiffs' malpractice claim against the Defendants is "related to" Irwin's bankruptcy case. Stated another way, if the outcome of the malpractice action could "conceivably have an effect on" the estate being administered by the Trustee in Irwin's chapter 7 case, the action is "related to" the bankruptcy case, and this Court possesses jurisdiction of the proceeding pursuant to § 1334(b) of title 28.

The Defendants contend that the action will affect the administration of the bankruptcy estate, because the malpractice claim is an asset of the estate that the Chapter 7 Trustee should liquidate for the benefit of creditors of the estate.

In response, the Plaintiffs assert that the malpractice claim was not "ripe" on the date that Irwin filed his bankruptcy petition, because the underlying dissolution action had not yet been concluded. In fact, the Plaintiffs contend that the Defendants essentially conceded this point in their Ninth Affirmative Defense to the Complaint. In that paragraph, the Defendants alleged that the "action is premature as Plaintiff's alleged cause of action has not accrued and/or Plaintiff has not yet sustained non-redressable damage."

The Eleventh Circuit Court of Appeals recently evaluated a situation in which a debtor, like Irwin, had hired an attorney (prepetition) to represent him in a dissolution of marriage action. In *In re Witko*, 374 F.3d 1040 (11th Cir.2004), the divorce action remained pending and was not yet concluded on the date that the debtor filed a bankruptcy petition. Approximately four months after the bankruptcy case was filed, the divorce court denied the debtor's request for alimony. The debtor thereafter sued his attorney for malpractice based on the loss of his claim for alimony. Upon learning of the lawsuit, the trustee of the debtor's bankruptcy case requested a determination from the Bankruptcy Court that the malpractice claim was property of the debtor's bankruptcy estate. *In re Witko*, 374 F.3d at 1042.

The Eleventh Circuit found that the debtor's malpractice claim was not property of the estate, because the underlying dissolution action had not been concluded as of the date that the debtor filed his bankruptcy petition.

The Court first determined that state law controlled whether the malpractice claim existed on the date that the debtor filed his bankruptcy case. *Id.* at 1043. The Court then found that, under Florida law, the debtor had not yet suffered any damages when he filed his bankruptcy petition, since the divorce action was not concluded until several months after that date.

Applying the appropriate state law, [the debtor's] legal malpractice cause of action did not exist until his alimony action concluded with an adverse outcome that was proximately caused by his attorney's negligence. "Under Florida law, a cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of loss to the client." *In re Alvarez*, 224 F.3d at 1276 (citing *Steele v. Kehoe*, 747 So.2d 931, 933 (Fla.1999)). Discussing the third element, the Florida Supreme Court unambiguously held that until the underlying action is concluded with an outcome adverse to the client (*i.e.*, harm), "a malpractice claim is hypothetical and damages are speculative." *Silvestrone v. Edell*, 721 So.2d 1173, 1175 (Fla.1998); *see Blumberg v.*

*USAA Cas. Ins. Co.*, 790 So.2d 1061, 1065 (Fla.2001)("[I]n the circumstances presented here, a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings . . . .").

*Id.* at 1043–44. The Eleventh Circuit explained that, due to the unique nature of legal malpractice claims, all of the required elements for such a claim often are not present until long after the relevant historical facts have occurred.

> The machinations of legal malpractice, especially the element requiring the conclusion of judicial proceedings, distinguish legal malpractice actions from virtually all other tort claims. Although proximate harm usually occurs in close temporal proximity to tortious conduct, legal malpractice harm often arises well after the attorney's failures.

*Id.* at 1044. The Eleventh Circuit found, therefore, that the debtor had not yet suffered any harm at the time that he filed his bankruptcy petition, and that any "malpractice cause of action was unknown, not even rising to a hope" until the underlying dissolution proceeding was concluded. *Id.* Consequently, since the debtor's legal malpractice cause of action did not exist on the date that he filed his bankruptcy petition, the cause of action was not property of the bankruptcy estate. *Id.*

Based on the Eleventh Circuit's reasoning and decision in *Witko*, this Court finds that the Plaintiffs' malpractice claim against the Defendants is not property of Irwin's bankruptcy estate.

■ As stated by the Eleventh Circuit, the three elements of a cause of action for legal malpractice under Florida law are: "(1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of loss to the client." *In*

*re Alvarez*, 224 F.3d 1273, 1276 (11th Cir.2000)(citing *Steele v. Kehoe*, 747 So.2d 931, 933 (Fla.1999)). The element that requires the attorney's negligence to be the proximate cause of a loss to the client is known as the concept of "redressable harm." *In re Alvarez*, 224 F.3d at 1276 (citing *Lenahan v. Russell L. Forkey, P.A.*, 702 So.2d 610, 611 (Fla. 4th DCA 1997)).

■ For purposes of determining whether a client has a claim against his attorney for malpractice, it is generally held that the client has not suffered any "redressable harm" until a judgment has been entered against him in the underlying litigation. "When a plaintiff bases a malpractice action on errors committed in the course of litigation, and the litigation proceeds to judgment, the redressable harm is not established until final judgment is rendered." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1338 (11th Cir.2001).

In this case, the Plaintiffs allege in their Complaint that the Defendants' negligent acts include their failure to protect marital assets, their failure to advise the divorce court of actions brought by Jayne in other courts, their failure to obtain appropriate custody arrangements for the children, and their failure to advise Irwin properly regarding the need for him to obtain employment. Despite the allegations, however, nothing in the record indicates that the divorce court has entered a final judgment against Irwin with respect to any of the issues raised by the Plaintiffs in the Complaint.

It appears undisputed that the divorce action was not concluded on the date that Irwin filed his bankruptcy petition. In fact, it further appears that the divorce action was not even concluded at the time of the hearing on the Motion for Remand on January 25, 2005. At that hearing, for

example, the Plaintiffs' attorney stated that the "underlying case continues to this day," and the Defendants' attorney responded only that "the *fact that the underlying divorce case is pending* really has no effect in this case." (Transcript, pp. 14, 16)(Emphasis supplied).

The Defendants alleged as an Affirmative Defense to the Complaint that the Plaintiffs had not yet "sustained non-redressable damage," and do not argue in their Response to the Motion for Remand that the dissolution action was concluded. No documents have been produced for the record to evidence the entry of a Final Judgment against the Plaintiffs regarding matters of alimony, property settlement, or child custody.

Based on the foregoing, the Court finds that the Plaintiffs did not suffer "redressable harm" in the underlying dissolution action prior to the filing of the Debtor's bankruptcy petition on February 21, 2003, and that all of the elements of a malpractice action therefore had not occurred on the date that he filed his bankruptcy petition. The cause of action is not property of the estate in Irwin's chapter 7 case, and is not "related to" his bankruptcy case within the meaning of 28 U.S.C. § 1334(b).

**B. Motion for remand**

The Court has found that the Plaintiffs' malpractice action does not "relate to" Irwin's bankruptcy case within the meaning of 28 U.S.C. § 1334(b), and that this Court therefore lacks jurisdiction to hear the proceeding. Even if the Court did possess jurisdiction to consider the proceeding, however, the Court finds that it is appropriate to remand the action to state court pursuant to 28 U.S.C. § 1452.

Section 1452(b) of title 28 provides for the remand of any proceeding that was removed to the Bankruptcy Court based on the jurisdictional grant contained in § 1334(b) of title 28.

**28 U.S.C. § 1452. Removal of claims related to bankruptcy cases**

. . . . .

(b) The court to which such a claim or cause of action is removed may remand such claim or cause of action *on any equitable ground.*

28 U.S.C. § 1452(b)(Emphasis supplied). Section 1452(b) provides a broad grant of authority for a bankruptcy court to remand a proceeding. Essentially, "the question is committed to the sound discretion of the bankruptcy judge." *TIG Insurance Company v. Smolker,* 264 B.R. 661, 665 (Bankr.C.D.Cal.2001).

Courts generally consider the following factors when applying 28 U.S.C. § 1452(b): 1) forum non conveniens; 2) the importance of trying the entire action in the same court; 3) the extent to which state law dominates; 4) the state court's familiarity with state law; 5) the existence of a right to a jury trial; 6) judicial economy; 7) comity; 8) prejudice to the involuntarily removed party; 9) the degree of relatedness of the action to the main bankruptcy case; 10) the possibility of inconsistent results; and 11) the effect of bifurcating claims of the parties.

*In re Taylor Agency, Inc.,* 281 B.R. 94, 98 (Bkrtcy.S.D.Ala.2001). "When determining whether a sufficient equitable ground is present for remand, the Court weighs considerations such as judicial economy, comity and respect for state court capabilities, and the effect on the administration of the estate." *In re Olympia Holding Corporation,* 215 B.R. 254, 256 (Bankr.M.D.Fla.1997)(citing *In re Shop & Go, Inc.,* 124 B.R. 915, 919 (Bankr. M.D.Fla.1991)).

The Court has considered the relevant factors in this case, and determines that the proceeding should be remanded to the Circuit Court for Hillsborough County, Florida.

State law dominates this action. The Plaintiffs commenced the action by filing a two-count Complaint for legal malpractice and breach of fiduciary duty, and the alleged malpractice occurred in a marriage dissolution case. "[T]his lawsuit is based on alleged [legal] malpractice, which involves pure state law and it does not involve any claim based on any Federal Statute." *In re Gulf Coast Orthopedic Center,* 261 B.R. 707, 710 (Bankr.M.D.Fla.2000).

Since the proceeding involves only matters of state law, it falls squarely within the special expertise of the state courts, and the actions should therefore be remanded in the interest of comity and respect for state court decision-making capabilities. *TIG Insurance Company v. Smolker,* 264 B.R. at 666. See also *Arroyo v. Wilson,* 1998 WL 34635, at *3 (N.D.Cal.)(In determining that the court should abstain from a proceeding commenced by a debtor, the Court noted that there "is no reason that a bankruptcy court need determine whether [legal] malpractice occurred.")

The state court has extensive familiarity with the state law and the action. During the fourteen-month period that the action was pending in state court, it appears that the parties actively pursued the litigation in that forum. The record shows, for example, that the parties filed the following pleadings in the state court action: (1) the Defendants filed their Answer, Affirmative Defenses and Demand for Jury Trial on August 23, 2003; (2) the Plaintiffs filed a Reply to the Answer on September 25, 2003; (3) the Plaintiffs filed an Amended Complaint and Second Amended Complaint; (4) the Defendants filed a Motion

for Summary Judgment as to the children's claims on September 3, 2004; and (5) the Defendants filed a Motion to Substitute the Chapter 7 Bankruptcy Trustee, Carolyn R. Chaney, as Party–Plaintiff on September 3, 2004.

It is significant that the Defendants filed the Motion for Partial Summary Judgment and Motion to Substitute Party–Plaintiff only one month prior to filing their Notice of Removal to the United States District Court on October 4, 2004, evidencing their apparent intent at that time to continue the litigation in state court.

In any event, it is clear that the malpractice action had progressed significantly in the fourteen months that it remained pending in state court, and the state court had no doubt acquired a substantial degree of familiarity with the case during that time.

Additionally, the Defendants expressly demanded a jury trial "for all issues so triable" in their Answer, Affirmative Defenses and Demand for Jury Trial. (Answer, p. 7).

Finally, as set forth above, the malpractice claim is not an asset of Irwin's bankruptcy estate, so that the proceeding will have no impact on the administration of the chapter 7 case. Furthermore, even if the estate did possess an interest in the claim, the Chapter 7 Trustee would be entitled to liquidate the claim in the state court action. In fact, the Defendants had filed a Motion in the Circuit Court case (before removing the action to the District Court) to Substitute the Chapter 7 Trustee, Carolyn R. Chaney, as Party–Plaintiff in that action. In other words, even if the estate were ultimately entitled to recover the proceeds of the claim, the action would still be only remotely related to the administration of Irwin's bankruptcy estate. "Were plaintiff to prevail in the malprac-

tice action, a bankruptcy court could then decide how the newly acquired asset should be distributed." *Arroyo v. Wilson,* 1998 WL 34635, at *3.

The Court finds that equitable grounds exist in this case to remand the action to the Circuit Court for Hillsborough County, Florida, pursuant to 28 U.S.C. § 1452(b).

### Conclusion

The Plaintiffs' filed a Motion to Remand this removed malpractice action to the Hillsborough County Circuit Court. The Court finds that the Motion should be granted.

First, the cause of action is not an asset of Irwin's bankruptcy estate, because Irwin had not suffered "redressable harm" in the underlying divorce action at the time that he filed his chapter 7 petition, with the result that all of the elements of a malpractice claim had not occurred by that date. Consequently, the action is not "related to" Irwin's bankruptcy case within the meaning of 28 U.S.C. § 1334(b), and this Court lacks jurisdiction to hear the matter.

Even if the Court possessed jurisdiction, however, the action should be remanded to state court on equitable grounds pursuant to 28 U.S.C. § 1452(b). The equitable grounds include the presence of purely state law issues, the extent to which the action had progressed in state court, the demand for a jury trial by the Defendants, and the remoteness of the action to Irwin's bankruptcy case.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Remand filed by the Plaintiffs, Jonathan N. Irwin, Tierney Renee Irwin, and Houston Matthew Irwin, is granted.

2. The action originally styled *Jonathan N. Irwin, individually and as Father and Next Friend of Tierney Renee Irwin, a minor, and Houston Matthew Irwin, a minor, v. Olson & Bearden, P.A., a Florida Professional Association, and Laura A. Olson, and David C. Bearden,* Case No. 03-6563, is remanded to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, pursuant to 28 U.S.C. § 1452(b).