In re Kathleen R. BROOKS, Debtor.

Shelby Hill, Plaintiff,

v.

Kathleen Brooks, Defendant.

Bankruptcy No. 8:07–bk–8893–PMG.
Adversary No. 8:08–ap–49–PMG.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 28, 2008.

Ronald R. Bidwell, Law Office of Ronald R. Bidwell PA, Tampa, FL, for Plaintiff.

Curtis Raven, Gulfcoast Legal Services, St. Petersburg, FL, for Defendant.

## ORDER ON MOTION FOR REMAND OR, IN THE ALTERNATIVE, TO ABSTAIN

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Remand or, in the Alternative, to Abstain filed by Shelby Hill.

The Debtor, Kathleen Brooks, filed a petition under Chapter 7 of the Bankruptcy Code on September 26, 2007. On January 30, 2008, the Debtor filed a Notice of Removal in connection with her Chapter 7 case. Pursuant to the Notice of Removal, the Debtor removed a pending state court action (the State Court Action) to this Court. The State Court Action was styled *Shelby Hill v. Kathleen Brooks,* Case No. 07–5819–91S, in the Circuit Court for Pinellas County, Florida.

The matter currently before the Court is a Motion for Remand or, in the Alternative, to Abstain filed by Shelby Hill (Hill), the Plaintiff in the State Court action. In the Motion, Hill contends that the removed action "is subject to remand, or in the alternative, mandatory abstention pursuant to 28 U.S.C., Section 1334(c)(2)."

### The State Court Action

On March 27, 2007, Hill commenced the State Court Action by filing a Complaint for Eviction and Damages against the Debtor in the County Court in Pinellas County, Florida. The Complaint contains two Counts. Count I is an action for tenant eviction, and Count II is an action for damages for unpaid rent that is allegedly owed to Hill. A copy of a Residential Lease/Rental Agreement is attached to the Complaint. The Rental Agreement relates to certain property located at 2313 15th Avenue South, St. Petersburg, Florida (the Property), and was signed by Hill as "Management," and by the Debtor as the "Resident."

On April 3, 2007, the Debtor filed a Motion to Dismiss the Complaint. In the Motion, the Debtor asserted that the arrangement between the Debtor and Hill constituted a mortgage, not a deed and lease-back, with the result that Hill's Complaint could not be sustained as an eviction action. To support her Motion to Dismiss, the Debtor also filed a Memorandum on Application of Section 697.01(1) of the Florida Statutes.

On May 7, 2007, the State Court entered an Order denying the Debtor's Motion to Dismiss, and required the Debtor to deposit rents into the registry of the Court.

On May 11, 2007, the Debtor filed a Counterclaim against Hill. In the Counterclaim, the Debtor seeks a declaratory judgment that any transfer of the Property's title from the Debtor to Hill should be deemed a mortgage under § 697.01 of the Florida Statutes. The Counterclaim includes a demand for a jury trial.

On May 14, 2007, Hill filed his Answer and Affirmative Defenses to the Counterclaim.

On June 14, 2007, the Court entered an Order transferring the case to the Circuit Court for Pinellas County. The Order was based on the Court's finding that the sums set forth in the Counterclaim exceed the County Court's jurisdiction, and also on the Court's finding that the allegations in the Counterclaim involve "title to real property," a matter that was reserved to the jurisdiction of the Circuit Court.

On June 27, 2007, the Debtor filed an Answer to the Complaint for eviction and denied the material allegations.

On September 17, 2007, Hill filed a Motion to Dismiss the Debtor's Counterclaim and for other relief. The Motion was scheduled to be heard on September 27, 2007.

### The Bankruptcy

The Debtor's Chapter 7 petition was filed on September 26, 2007, the day before the hearing scheduled in the State Court Action. The Debtor listed the Property as her homestead on the Schedule of Real Property filed with the bankruptcy petition, and claimed the Property as exempt. She also listed Hill as a secured creditor holding a mortgage on the Property in the amount of $58,000.00. Finally, the Debtor listed the State Court Action on her Statement of Financial Affairs, and described the nature of the proceeding as an action to "clear title and ejectment."

The Section 341 Meeting of Creditors was conducted in the case on October 30, 2007.

On October 31, 2007, the Chapter 7 Trustee filed her Report that "there is no property available for distribution from the estate over and above that exempted by law."

On January 2, 2008, the Debtor filed her Certificate of Debtor Education, and on January 3, 2008, the Debtor received her Discharge.

Hill initiated two contested matters during the course of the Chapter 7 case: (1) an Objection to the Debtor's claim of exemption on the ground that the Debtor does not own the Property, but instead holds only a possessory interest in the Property pursuant to the Lease Agreement; and (2) a motion for relief from the automatic stay "for the sole and limited purpose of proceeding with the prepetition eviction action." The Motion for relief from stay was denied as moot on the basis that the Debtor had received her discharge, but the Order on the Motion authorized Hill to "proceed in a court of competent jurisdiction for the purpose of obtaining an in rem judgment against the property described in the motion."

Shortly after Hill initiated the two contested matters, the Debtor commenced an adversary proceeding against Hill by filing a Complaint to avoid the transfer of her interest in the Property to Hill pursuant to § 522(h) of the Bankruptcy Code.

Additionally, following the entry of the Order on the Motion for Relief from Stay, the Debtor removed the State Court Action to this Court. The matter currently before the Court is Hill's Motion for remand or, alternatively, to abstain from the Action.

### Remand

■ Hill's Motion for Remand should be granted. 28 U.S.C. § 1452 provides as follows:

**28 USC § 1452. Removal of claims related to bankruptcy cases**

(a) A party may remove any claim or cause of action in **a civil action other than a proceeding before the United States Tax Court or a civil action by a**

governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) *The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground....*

28 U.S.C. § 1452(Emphasis supplied). The question of whether to remand a removed proceeding is committed to the sound discretion of the bankruptcy judge. *In re Irwin,* 325 B.R. 22, 28 (Bankr.M.D.Fla.2005)(quoting *TIG Insurance Company v. Smolker,* 264 B.R. 661, 665 (Bankr.C.D.Cal.2001)).

■ Courts generally consider a variety of factors when applying § 1452(b), including: (1) forum non conveniens; (2) the importance of trying the entire action in the same court; (3) the extent to which state law dominates; (4) the state court's familiarity with state law; (5) the existence of a right to a jury trial; (6) judicial economy; (7) comity; (8) prejudice to the involuntarily removed party; (9) the degree of relatedness of the action to the main bankruptcy case; (10) the possibility of inconsistent results; and (11) the effect of bifurcating claims of the parties. *In re Irwin,* 325 B.R. at 28(citing *In re Taylor Agency, Inc.,* 281 B.R. 94, 98 (Bankr.S.D.Ala.2001)).

■ "When determining whether a sufficient equitable ground is present for remand, the Court weighs considerations such as judicial economy, comity and respect for state court capabilities, and the effect on the administration of the estate." *In re Olympia Holding Corporation,* 215 B.R. 254, 256 (Bankr.M.D.Fla.1997)(citing *In re Shop & Go, Inc.,* 124 B.R. 915, 919 (Bankr.M.D.Fla.1991)). See also *In re*

*Hilsman,* 351 B.R. 209, 216 (Bankr. N.D.Ala.2006).

■ In this case, the Court finds that equitable considerations warrant remand of the State Court Action to the Circuit Court for Pinellas County. The Court reaches this conclusion for two primary reasons.

First, the issues raised in the State Court Action arise squarely under state law. In the initial State Court Complaint, for example, Hill asserts an action for tenant eviction, and also an action for damages for unpaid rent. Both claims are controlled by Florida law.

Further, the Debtor's Counterclaim is based on § 697.01 of the Florida Statutes, entitled "Instruments Deemed Mortgages." The Counterclaim included a demand for trial by jury.

None of the claims in the Complaint or Counterclaim depend on federal law or bankruptcy law for their disposition. Hill's eviction action and the Debtor's statutory claim under § 697.01 rest solely on state law, and are within the expertise of the Circuit Court for Pinellas County.

Second, the State Court Action is only tangentially related to the Debtor's Chapter 7 case. The subject of the State Court Action is the Property on which the Debtor resided at the time that her Chapter 7 petition was filed. Hill asserts that the Debtor held only a leasehold interest in the Property as of the commencement of the bankruptcy case, and that she had defaulted under the lease prior to the filing of the petition. The Debtor, on the other hand, asserts that her transaction with Hill should be deemed a mortgage under § 697.01 of the Florida Statutes, and that she is entitled to recover her ownership interest in the Property.

In either case, the Chapter 7 Trustee has filed her Report that "there is no

property available for distribution from the estate over and above that exempted by law." The estate has no interest in the Property that is the subject of the State Court Action. Specifically, even if the Debtor prevails on her claim under § 697.01 and recovers her ownership interest in the Property, she has claimed the Property as exempt on her bankruptcy schedules. If the Property is recovered as her homestead, it would not constitute an asset of the bankruptcy estate under applicable exemption laws.

In other words, the disposition of the State Court Action will have no impact on the administration of the Debtor's bankruptcy case. The Trustee has filed her "no asset" report, the Debtor has received her discharge, and the case is due to be closed but for the litigation with Hill.

### Abstention

Alternatively, Hill asserts that the Court should abstain from this adversary proceeding pursuant to the mandatory abstention provision of 28 U.S.C. § 1334(c)(2). (Doc. 4, p. 2). Section 1334(c)(2) provides as follows:

> **28 USC § 1334. Bankruptcy cases and proceedings**
>
> . . .
>
> (c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction.*

28 U.S.C. § 1334(c)(2)(Emphasis supplied). ■ Under this section, courts must abstain from hearing a state law claim if

(1) the claim has no independent basis for federal jurisdiction other than § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. *In re United Petroleum Group, Inc.*, 311 B.R. 307, 311 (Bankr.S.D.Fla.2004). See also *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir.2007). For the state law claim to be "non-core," as required by the second element of § 1334(c)(2), the claim must be related to a case under title 11, but not arise under or arise in a case under title 11. *In re United Container, LLC*, 284 B.R. 162, 171 (Bankr.S.D.Fla.2002).

■ In this case, the Court finds that Hill's Motion to abstain should be granted.

First, for the reasons set forth above, the Court finds that the State Court Action is a non-core proceeding, and has no independent basis for federal jurisdiction other than § 1334(b).

The State Court Complaint consists of an action for tenant eviction and an action for damages for unpaid rent. The Debtor's Counterclaim is based on § 697.01 of the Florida Statutes. Consequently, all of the claims asserted in the State Court Action are controlled by State law, and do not depend on federal law for their disposition.

Further, the State Court Action is only tangentially related to the Debtor's Chapter 7 case. The Debtor has received her discharge, the Chapter 7 Trustee has filed her Report of No Distribution, and the bankruptcy estate has no interest in the Property that is the subject of the State Court Action. The resolution of the State Court Action will have no impact on the administration of the Debtor's bankruptcy case.

Second, the Court finds that the State Court Action was commenced prior to the filing of the bankruptcy petition, and can be timely adjudicated by the State Court.

A copy of the docket maintained by the State Court was filed with the Notice of Removal. (Doc. 1). The docket reveals that the State Court Action was commenced on March 27, 2007, and had progressed steadily and substantially in the six-month period prior to the filing of the Debtor's Chapter 7 case on September 26, 2007. It appears, for example, that the State Court had conducted at least three hearings on various Motions filed by the parties, and had entered at least five Orders to advance the case within the six-month period. An additional hearing was scheduled in the State Court for September 27, 2007, the day before the bankruptcy case was filed.

Nothing in the record indicates that the State Court is unable to adjudicate the tenant eviction action or counterclaim in a timely manner. On the contrary, the docket reflects that the State Court is able to consider and dispose of the claims as requested by the parties.

All of the statutory requirements for mandatory abstention are satisfied in this case, and the Court must therefore abstain from this proceeding pursuant to § 1334(c)(2) of title 28.

### Conclusion

The Debtor removed this proceeding to the Bankruptcy Court from the State Court in Pinellas County, Florida, on January 30, 2008. The matter before the Court is a Motion for Remand or, in the Alternative, to Abstain filed by Shelby Hill.

The Court finds that Hill's request for remand should be granted on equitable grounds, because the issues raised in the State Court Action arise under Florida law, and because the disposition of the Action will have no impact on the administration of the Debtor's bankruptcy estate.

Additionally, the Court finds that Hill's request for mandatory abstention should be granted, because the State Court Action is a non-core proceeding with no independent basis for federal jurisdiction, and because the State Court Action can be timely adjudicated by the State Court.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Remand or, in the Alternative, to Abstain filed by Shelby Hill is granted.

2. This Court shall abstain from hearing this proceeding pursuant to 28 U.S.C. § 1334(c)(2), and this proceeding is remanded to the Circuit Court for Pinellas County, Florida, pursuant to 28 U.S.C. § 1452.