**IN RE: NASSAU DEVELOPMENT OF VILLAGE WEST CORP., Debtor**

**Orlando Benitez, Jr., Plaintiff/Counter–Defendants**

v.

**Jarrette Bay Investments Corp., a Florida corporation, and Julio C. Marrero, individually, et al., Defendants/Counter–Plaintiffs**

**Case No. 15–27691–AJC**
**Adv. Case No. 2015–01764–AJC**

United States Bankruptcy Court,
S.D. Florida,
*Miami Division.*

Signed March 4, 2016

Filed March 7, 2016

Michael Marcer, Coral Gables, FL, for Debtor.

Eddy Leal, Miami, FL, for Plaintiff/Counter–Defendants.

Michael Marcer, Coral Gables, FL, for Defendants/Counter–Plaintiffs.

## ORDER GRANTING BENITEZ, JR.'S MOTION TO ABSTAIN THIS COURT FROM EXERCISING JURISDICTION AND TO REMAND

A. Jay Cristol, Judge United States Bankruptcy Court

THIS MATTER came before the Court on February 26, 2016 at 10:00 a.m. upon *Orlando Benitez Jr.'s Motion to Abstain this Court from Exercising Jurisdiction and to Remand* (D.E.5). The removed commercial foreclosure case involves solely non-debtor parties and does not involve any asset or liability owned by the Chapter 11 Debtor Nassau Development of Village West Corporation ("Debtor"). The Court having considered argument of counsel and having reviewed the record in these proceedings has decided that Debtor's arguments have no merit and the matter is to be remanded to state court.

### THE UNDERLYING STATE COURT PROCEEDING

1. Debtor removed a commercial foreclosure case pending in Miami–Dade

Case No. 2011–034048–CA ("Commercial Foreclosure Action"). In 2011, Orlando Benitez, Jr. initiated the Commercial Foreclosure Action against Jarrette Bay Investments, Julio C. Marrero, and other defendants for failure to make payments and other claims. Debtor is not a party to the Commercial Foreclosure Action. Debtor does not own any assets or liabilities that are involved in the Commercial Foreclosure Action. The Commercial Foreclosure Action has resulted in numerous docket entries at the state court level. Prior to the removal, the trial court entered orders on November 20, 2015 and December 2, 2015. Parties appear to have engaged in extensive discovery, and all of the parties' claims and defenses are state-based claims. None of the claims or defenses involved the Bankruptcy Code. And prior to the removal on December 31, 2015, the trial court had scheduled an Order to Show Cause pursuant to § 702.10(2), Florida Statutes for January 25, 2016.

## JURISDICTION

2. Federal courts are courts of limited jurisdiction. And bankruptcy court jurisdiction potentially extends to four types of title 11 matters, pending referral from the district court: (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11. *In re Florida Dev. Associates Ltd.,* 2009 WL 393870 (Bankr. S.D.Fla.2009). The Eleventh Circuit has expressly adopted the "related-to" jurisdictional test set forth in *Pacor v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984), for determining whether a civil proceeding is "related to" bankruptcy.

3. As the Debtor concedes in its Notice of Removal (D.E.1), the Commercial Foreclosure Action is a non-core mat-

ter because the matter does not raise any substantive provisions of the Bankruptcy Code and the proceeding does not arise in the Debtor's bankruptcy case. As such, this Court does not have jurisdiction over this proceeding "under title 11" or "arising in" a case under title 11. 28 U.S.C. § 1334(b).

4. This Court is left to consider whether it has "related to" jurisdiction. A proceeding "related to" a case under title 11 is the kind of proceeding with the most tenuous federal jurisdictional basis. The Eleventh Circuit has adopted a test for whether the "related to" basis for jurisdiction applies to specific matters. *See Ctmy. Bank of Homestead v. Boone,* 52 F.3d 958, 960 (11th Cir.1995). The test for determining whether a civil proceeding is "related-to" bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Id.* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate. *Id.*

5. Even under this expansive test for "related to" jurisdiction, this Court does not have jurisdiction over the Commercial Foreclosure Action. The removed proceeding does not impact the Debtor's assets or liabilities. Further, the Debtor is not a party in the removed proceeding, and this Court can efficiently handle and administer the Debtor's estate.

6. The Debtor's arguments in support of this Court's jurisdiction do not hold water. Debtor claims that an adverse ruling or judgment in the Commercial Foreclosure Action would directly impact the Debtor. This is simply not possible. Debtor is not a party to the action. Debt-

or's assets (four real properties) are not the subject of the Commercial Foreclosure Action. And the so-called partnership interest in the corporate entity that owns the properties in Commercial Foreclosure Action is not disclosed anywhere in the Debtor's schedule.

7. The test for "related to" jurisdiction is indeed broad, but there are limits. Because nothing in the Commercial Foreclosure Action would impact the administration and handling of the Debtor's estate, this Court holds that it does not have "related to" jurisdiction over the Commercial Foreclosure Action.

## MANDATORY ABSTENTION

■ 8. Even if this Court were to find jurisdiction over the Commercial Foreclosure Action, this Court would abstain and remand it to proceed in its original forum (the state court). Section 1334(c)(2), title 28, United States Code, provides that "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 … the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Under this section, this Court must abstain from jurisdiction when (1) the action has no independent basis for federal jurisdiction, other than 28 U.S.C. § 1334(b); (2) the action is a non-core proceeding; (3) an action has been commenced in state court, and (4) the action could be timely adjudicated in state court. *See In re SOL, LLC*, 419 B.R. 498, 502 (Bankr.S.D.Fla.2009).

■ 9. There is no independent basis for federal jurisdiction. The Commercial Foreclosure Action involves purely state law claims and the Debtor acknowledges that this is a non-core proceeding in his notice of removal. (D.E.1).

10. The Commercial Foreclosure Action was commenced in state court and proceeded to the verge of a hearing on an Order to Show Cause pursuant to § 702.10(2), Florida Statutes. The trial court had scheduled it for January 25, 2016. There is adequate evidence that the Eleventh Judicial Circuit has demonstrated that it can timely adjudicate the Commercial Foreclosure Action and that it desires to proceed expeditiously.

## PERMISSIVE ABSTENTION

■ 11. Even if this Court were not compelled to remand this matter, it would exercise its discretion and abstain from hearing and adjudicating this Commercial Foreclosure Action. Sections 1134(c)(1) and 1452(b), title 28, United States Code, give this Court broad discretion to abstain from and remand state court proceedings in the interests of comity or on equitable grounds. In deciding whether to invoke permissive abstention, the Court looks to (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceedings in bankruptcy court involve forum shopping by one of the

parties; (11) the existence of a right to jury trial; (12) the presence in the proceedings of non-debtor parties; (13) comity; and, (14) the possibility of prejudice to other parties in the action.

12. For the same reasons mandatory abstention is required, permissive abstention is proper. The Commercial Foreclosure Action is a non-core proceeding with no independent federal jurisdiction, state court issues are only involved, non-debtor defendants are present, and the action almost reached final adjudication in the state trial court. The timing and nature of the removed case strongly suggests forum selection. The Debtor removed the Commercial Foreclosure Action prior to a hearing of an Order to Show Cause, which in a separate order to show cause hearing in a non-removed foreclosure case (Case No. 2012–17915–CA–27) resulted in a published Third District Court Order dismissing the appeal for lack of jurisdiction and cautioning counsel of record (same counsel representing the Debtor here) that there is an ethical obligation to use due diligence and candor in all filings. *Andros Dev. Corp. v. Benitez*, 166 So.3d 794 (Fla. 3d DCA November 4, 2015). Furthermore, equity and comity considerations warrant remand of this proceeding.

**ORDERED AND ADJUDGED** that the Benitez Jr.'s Motion is GRANTED and the Court abstains from hearing and adjudicating as it does not have jurisdiction and, even if it did, this Court would abstain under both mandatory and permissive statutory provisions. This proceeding is remanded to state court and the Clerk is directed to close this adversary proceeding.

**ORDERED in the Southern District of Florida on March 4, 2016.**