# Third District Court of Appeal

## State of Florida

Opinion filed March 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1612
Lower Tribunal No. 16-1332

_____

## Jacqueline Calderin, etc., et al.,
Petitioners,

vs.

## Quartz Hill Mining, LLC, etc., et al.,
Respondents.

A Case of Original Jurisdiction – Prohibition.

Shendell & Pollock, P.L., and Diran V. Seropian (Boca Raton), for petitioners.

St. Denis & Davey, P.A., and Brian W. Davey and Eric M. Bradstreet (Jacksonville), for respondents.

Before EMAS, C.J., and GORDO and BOKOR, JJ.

EMAS, C.J.

**INTRODUCTION**

Petitioners Jacqueline Calderin, Esq., Robert Paul Charbonneau, Esq., and the law firm of Ehrenstein Charbonneau Calderin seek a writ of prohibition to restrain the further exercise of jurisdiction by the Eleventh Judicial Circuit Court in a lawsuit for legal malpractice allegedly committed during the course of a federal bankruptcy proceeding. The question squarely presented is whether federal courts have exclusive or concurrent subject-matter jurisdiction over such actions.

**FACTS AND PROCEDURAL BACKGROUND**

Petitioners (the defendants below) contend that the federal court possesses exclusive jurisdiction over the malpractice claim. Respondents Quartz Hill Mining, LLC and Superior Gold, LLC (plaintiffs below) contend that the state and federal courts possess concurrent jurisdiction over the cause of action and, because petitioners failed to timely seek removal to federal court, the action is properly before the state court. We agree with respondents that concurrent jurisdiction exists over the action below, and deny the petition, as the trial court has not exceeded its jurisdiction. See English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977) (providing: "Prohibition is an extraordinary writ, a prerogative writ, extremely narrow in scope and operation, by which a superior court, having appellate and supervisory

2

jurisdiction over an inferior court . . . may prevent such inferior court . . . from exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction.")

The relevant facts are not in dispute. Respondents were debtors in a bankruptcy proceeding filed in federal bankruptcy court. During the course of those proceedings, the bankruptcy court approved the representation of respondents in the bankruptcy matter by petitioners-attorneys Calderin, Charbonneau and their law firm. After the bankruptcy matter was concluded, respondents filed suit in Miami-Dade Circuit Court, alleging that petitioners committed legal malpractice during their representation of respondents in the bankruptcy case. Petitioners did not seek to remove the case to federal court,[1] but did file a motion to dismiss, alleging the state court was without subject-matter jurisdiction and that the federal district court had exclusive jurisdiction over the legal malpractice claim. The trial court denied the motion, and this petition followed.

**DISCUSSION AND ANALYSIS**

28 U.S.C., section 1334 provides in pertinent part:

_____

[1] The time for filing a motion to remove the case to federal court had already expired when petitioner filed a motion to dismiss for lack of subject-matter jurisdiction. See 28 U.S.C. §§ 1452(a), 1446(b).

3

(a)　Except as provided in subsection (b) of this section, the **district courts shall have original and exclusive jurisdiction of all cases under title 11**.

(b)　Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the **district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.**

. . .

(e)　The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

(Emphasis added).

Taken together, subsections (a) and (b) delineate four categories over which the district court has jurisdiction: (1) "cases under" the Bankruptcy Code; (2) proceedings "arising under" the Code; (3) proceedings "arising in" a case under the Code; and (4) proceedings "related to" a case under the Code. In re Atherotech, Inc., 582 B.R. 251, 257 (Bankr. N.D. Ala. 2017) (citing In re Wood, 825 F.2d 90, 92 (5th Cir. 1987)).

4

For our purposes, the statutory language appears plain and unambiguous: federal district courts have **<u>exclusive</u>** jurisdiction "of all cases under title 11," but enjoy "original **<u>but not exclusive jurisdiction</u>** of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Thus, we must determine whether this legal malpractice claim is a "case[] under title 11" or is instead a "civil proceeding[] arising under title 11 or arising in or related to a case under title 11."

"Cases under title 11," as provided in subsection (a) above, "refers merely to the bankruptcy petition itself, over which federal district courts (and their bankruptcy units) have original and exclusive jurisdiction." <u>In re Wood</u>, 825 F.2d at 92; <u>In re Weinberg</u>, 153 B.R. 286, 290 n.8 (S.D. 1993) (noting: "A title 11 case is commenced when the bankruptcy petition is filed.") Thus, only "cases under title 11" are within the exclusive jurisdiction of the federal district courts, as provided in section 1334(a). And because the matter pending in the circuit court is a legal malpractice case, it is self-evidently not a bankruptcy petition, and thus this matter does not fall within the exclusive jurisdiction of the federal court under subsection (a).

The three remaining types of cases are delineated in subsection (b), and all expressly fall within the "original but not exclusive jurisdiction" of the

federal district courts.[2]  See Matter of Brady, Texas, Mun. Gas Corp., 936 F.2d 212, 218 (5th Cir. 1991) (holding: "Although the district courts 'have original and exclusive jurisdiction of all cases under title 11,' the district courts do not have 'exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.'" (quoting 28 U.S.C.A. § 1334(b)); In re Weinberg, 153 B.R. 286, 290 (S.D.S.D. 1993) (noting: "Non-exclusive jurisdiction means other federal and state courts are not deprived of jurisdiction over civil proceedings"); In re Apex Oil Co., Inc., 406 F.3d 538,

---

[2]  Under subsection (b) "'[a]rising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code[.]" In re Staggs, 562 B.R. 790, 794 (Bankr. N.D. Ala. 2016) (quoting In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999)).  In other words, to come within this category, the case must "'involve a cause of action created or determined by a statutory provision of title 11.'" In re Wood, 825 F.2d at 96. Proceedings  "arising in" a case under the Bankruptcy Code are "'generally thought to involve administrative-type matters[.]'" Staggs, 562 B.R. at 794.  Such matters arise only in bankruptcy cases and "'would have no existence outside of bankruptcy.'" Wood, 825 F.2d at 97.

And "a proceeding 'related to' a case under title 11 is the kind of proceeding with the most tenuous federal jurisdictional basis." In re Nassau Dev. of Village West Corp., 547 B.R. 857, 860 (Bankr. S.D. Fla. 2016).  In Matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990), the Eleventh Circuit Court of Appeals adopted the "Pacor formulation" for "determining whether a civil proceeding is sufficiently related to bankruptcy to confer federal jurisdiction on the district court," which considers the effect of the civil proceeding's outcome on the estate being administered in bankruptcy.  Where the connection between the civil proceeding and the estate is tenuous, the federals courts are without jurisdiction.  Id. at 789 (citing Pacor, Inc. v. Higgins, 743 F.2d 984 (11th Cir. 1990)).

6

542-43 (8th Cir. 2005) (noting: "Congress granted state courts concurrent jurisdiction to consider bankruptcy issues arising from Chapter 11 proceedings.")

It is thus clear that this legal malpractice claim is one subject not to exclusive federal jurisdiction, but to concurrent jurisdiction with state courts. See In re Gersten, 2008 WL 8444810 (9th Cir. Bankr. App. 2008) (recognizing concurrent jurisdiction of state courts over malpractice action arising out of bankruptcy litigation); (In re Tronox, 603 B.R. 712, 722 (Bankr. S.D.N.Y. 2019) (denying a motion to remand a legal malpractice case to state court because "the alleged acts of malpractice occurred entirely during the bankruptcy case . . . and there [was] no allegation that [the defendants] provided services outside of the bankruptcy case," but implicitly recognizing the state court's concurrent jurisdiction).

Nonetheless, petitioners assert that the federal court does have exclusive jurisdiction, citing four cases in support thereof: Schultze v. Chandler, 765 F.3d 945 (9th Cir. 2014); Baker v. Simpson, 613 F.3d 346 (2d Cir. 2010); Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485 (D.C. Cir. 2009); and In re Seven Fields Dev. Corp. v. Ernst Young, LLP, 505 F.3d 237, 260 (3d Cir. 2007). However, these cases stand only for the proposition that "core proceedings," such as (perhaps) the legal

7

malpractice claim here, are ones in which federal courts are <u>empowered</u> to exercise jurisdiction, but such jurisdiction is nevertheless concurrent with that of the state courts.  The issue in those cases was whether a federal court should <u>abstain</u> (or alternatively was required to abstain) from exercising its concurrent jurisdiction in a given case, a point which establishes that there is, in fact, no <u>exclusive</u> jurisdiction resting in the federal courts in such "core proceedings."

In like fashion, federal courts in Florida have remanded such causes of action to state court, again supporting the conclusion that state courts have concurrent jurisdiction over legal malpractice claims against attorneys employed on behalf of a bankruptcy debtor or trustee.  <u>See, e.g.</u>, <u>In re Trujillo</u>, 485 B.R. 797 (Bankr. M.D. Fla. 2013) (remanding to state court a legal malpractice action filed against a Chapter 11 debtor's counsel); <u>In re Olympia Holding Corp.</u>, 215 B.R. 254 (Bankr. M.D.  Fla.  1997) (remanding to state court a legal malpractice action brought against special litigation counsel hired by a bankruptcy trustee).

As the action below is related to the actual bankruptcy proceeding, and alleges actionable conduct engaged in by attorneys in the course of that bankruptcy proceeding, it falls within the original, but not exclusive, jurisdiction of the federal district court.  <u>See</u> <u>Weinberg</u>, 153 B.R. at 290

8

(noting: "Non-exclusive jurisdiction means other federal and state courts are not deprived of jurisdiction over civil proceedings.") Thus, petitioners' failure to timely remove the case to federal court, which would have given that court the opportunity to either exercise its concurrent jurisdiction or abstain therefrom, is not a basis upon which this court can exercise its prohibition power.

Finally, petitioners argue that the federal court's jurisdiction is exclusive pursuant to subsection 28 U.S.C. section 1334(e)(2), which provides that the federal courts have exclusive jurisdiction over "all claims or causes of action that involve construction of section 327 of title 11, United States Code." However, we conclude that subsection is inapplicable to the proceedings in the state court, as the malpractice claim does not "involve construction of section 327." (Emphasis added).

11 U.S.C. section 327, entitled "Employment of Professional Persons" provides in pertinent part that a trustee may employ attorneys, with the bankruptcy court's approval, "to represent or assist the trustee in carrying out the trustee's duties under this title." However, section 327 does not establish standards of conduct which an attorney must follow during such representation, or otherwise provide regulatory language that would need to be construed in adjudicating a claim for legal malpractice arising out of such

9

representation. We therefore conclude that subsection (e)(2) does not vest exclusive jurisdiction in the federal courts over this legal malpractice claim against a bankruptcy court-appointed attorney.[3]

Accordingly, because we conclude that under the plain and unambiguous language of 28 U.S.C. section 1334, federal courts have

---

[3] We likewise reject petitioners' reliance on cases involving legal malpractice claims relating to patent law, because jurisdiction for such claims is provided separately under 28 U.S.C. § 1338(a), which confers upon district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks" and further provides that "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyright." Therefore, if a legal malpractice claim is one "arising under" federal patent law, federal courts have exclusive jurisdiction under the plain language of § 1338(a). By contrast, if a legal malpractice claim is one "arising under" the Bankruptcy Code, district courts have "original but not exclusive" jurisdiction under § 1334(b). Such stark differences in statutory language render any attempted comparisons of these two provisions (and cases construing them) largely unhelpful. See also Gunn v. Minton, 568 U.S. 251 (2013) (holding that Minton's state law legal malpractice claim, though premised upon his attorney's alleged mishandling of his patent case, did not "arise under" federal patent law, and therefore § 1338(a) did not deprive the state court of jurisdiction over the malpractice claim); Solar Dynamics, Inc. v. Buchanan Ingersoll & Rooney, P.C., 211 So. 3d 294, 297 (Fla. 2d DCA 2017) (observing: "Indisputably, federal courts exercise exclusive jurisdiction over 'any civil action arising under any Act of Congress relating to patents.'"); Schachel v. Closet Concepts, Inc., 405 So. 2d 487 (Fla. 3d DCA 1981). Indeed, to the extent 28 U.S.C. § 1338(a) is relevant at all, it serves to demonstrate that Congress knows precisely how to craft a statute if it wishes to confer exclusive jurisdiction on federal courts to adjudicate certain claims "arising under" federal law.

"original, but not exclusive jurisdiction," and that the Eleventh Judicial Circuit court has concurrent jurisdiction over the pending action, we deny the petition for writ of prohibition.